## D. W. Wilson v. T. S. Griffin.

1. VERDICTS—*Upon Conflicting Evidence.*—A verdict upon conflicting evidence will be accepted by the Appellate Court as conclusive upon the questions of fact at issue in the case.

**Writ of Error,** to Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

ELTING & CAMP, attorneys for plaintiff in error.

O'HERN & O'HERN, attorneys for defendant in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Suit was brought by defendant in error against the plaintiff in error before a justice of the peace, and was appealed to the Circuit Court, where a trial by jury resulted in a verdict and judgment against plaintiff in error for $41.18, to reverse which this writ of error is prosecuted, the principal error argued being that the verdict is against the law and the evidence of the case. The suit was for the work and labor of the defendant in error as a farm hand, the defense consisting chiefly of a set-off or counter-claim by plaintiff in error for the use of a team and house rent. Credit had been given by the defendant in error for the use of the team, for as much as he claimed was due on that account, and the principal issue tried was whether a greater sum than the credit given for the use of the team ought to have been allowed, and whether any house rent was due to the plaintiff in error. Upon these questions the evidence was conflicting, and in the state of the evidence we find in the record we think the jury were warranted in finding as they did. During a part of the time the relations of the parties were governed by a written contract, by which no house rent was to be charged, and at other times there

seems to have been an uncertainty as to any agreement concerning house rent. At other times, not covered by the writing, the plaintiff in error testified he allowed the defendant in error to stay in the house, and the latter testified the agreement was he was to have the house free of charge. It is clear the plaintiff in error upon the trial did not claim there was any special agreement or understanding about the payment of house rent, but denied he agreed to allow the use of the house free of charge, and relied upon the implied contract that usually legally follows from use and enjoyment, to pay a reasonable compensation, and testified he at the time charged the defendant $5 per month for the use of the house. We think when all the evidence is fairly considered, with the circumstances established by it, and the inferences naturally following therefrom, that the legal presumption of a promise to pay is reasonably overcome, and the fact established that it was the understanding of the parties that plaintiff in error was not to be charged with house rent. Upon this question, and that of the use of the team, and other questions of disputed fact, we feel compelled to accept the verdict of the jury as decisive.

There are no errors of law, and the judgment of the Circuit Court will be affirmed.   Judgment affirmed.